

**FILED**
**FEB 08 2016**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| SHANE D. WALIEZER,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS DEBOER, SHERIFF HAND COUNTY SHERIFF'S OFFICE,<br><br>Defendant. | 3:15-CV-03022-CBK<br><br><br>ORDER |

Plaintiff, an inmate at the South Dakota State Penitentiary, filed this action pursuant to 42 U.S.C. § 1983 contending that defendant violated his Constitutional rights when defendant disclosed privileged employment information to law enforcement agencies without plaintiff's consent and without a subpoena or warrant. Plaintiff's request to proceed *in forma pauperis* was granted and he has paid the initial filing fee.

Pursuant to 28 U.S.C. § 1915A, this Court is required to screen plaintiff's complaint to identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from one who is immune from such relief. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege the violation of a right secured by the Constitution or laws of the United States by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988).

Plaintiff has alleged that the defendant is a county sheriff who, in the course of his duties, disclosed privileged employment information to law enforcement agencies without plaintiff's consent or a valid subpoena. He has adequately alleged action by a state actor.

Plaintiff has not set forth in his complaint how defendant's alleged actions violated any federal constitutional or statutory right. *Pro se* pleadings are entitled to a liberal construction. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). However, a *pro se* plaintiff must sufficiently plead a cognizable legal claim by alleging a violation of the Constitution or federal law. Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). "Section 1983

'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (*quoting* Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3, 61 L.Ed.2d 433 (1979)). Even under a liberal construction, plaintiff has failed to describe any violation of his federal constitutional or statutory rights.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), I find that plaintiff has failed to state a claim upon which relief can be granted.

Now, therefore,

IT IS ORDERED:

1. This matter is dismissed without prejudice.

2. The disposition of this matter is a second "strike" under 28 U.S.C. § 1915(g).

3. Pursuant to 28 U.S.C. § 1915 and Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997), plaintiff is notified that, if he decides to appeal this order of dismissal to the United States Court of Appeals for the Eighth Circuit:

(a) The filing of a notice of appeal from this order by plaintiff, a prisoner, makes the prisoner liable for payment of the full $455 appellate filing fees regardless of the outcome of the appeal.

(b) By filing a notice of appeal the prisoner consents to the deduction of the initial partial appellate filing fee and the remaining installments from the prisoner's prison account by prison officials.

(c) Plaintiff, a prisoner, must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing any notice of appeal.

(d) Failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

DATED this 5th day of February, 2016.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge